TRONG R. CHAI, COMPLAINANT-APPELLANT, v. NEW JER-
SEY DIVISION ON CIVIL RIGHTS, DEPARTMENT OF
LAW AND PUBLIC SAFETY, AND FAIRLEIGH DICKIN-
SON UNIVERSITY, RESPONDENTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 9, 1977—Decided November 30, 1977.

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. Steven Blader,* Assistant Deputy Public Advocate,
argued the cause for appellant (*Mr. Stanley C. Van Ness,*
Public Advocate, attorney).

*Mr. Joseph M. Gorrell,* Deputy Attorney General, ap-
peared for respondent New Jersey Division on Civil Rights
(*Mr. William F. Hyland,* Attorney General, attorney; *Mr.
Stephen Skillman,* Assistant Attorney General, of counsel).

*Mr. Wayne J. Positan* argued the cause for respondent
Fairleigh Dickinson University (*Messrs. Lum, Biunno &
Tompkins,* attorneys; *Mr. Ronald H. DeMaria,* of counsel;
*Mr. Dominick A. Mazzagetti* on the brief).

PER CURIAM. Trong R. Chai, filed a complaint with the
Division on Civil Rights alleging that he was the subject
of employment discrimination by his employer, Fairleigh
Dickinson University, and two of its employees. The Di-
vision took jurisdiction and proceeded to investigate his
allegations. Subsequently, a "finding of probable cause" was
prepared by the staff, but prior to its review by the Director
a challenge was made to the Division's jurisdiction over the
complaint.

The Attorney General thereafter issued an opinion which
concluded that the Division does not have jurisdiction over
"private" colleges and universities as "employers," by virtue
of the provisions of *N. J. S. A.* 10:5-5(e). Subsequently,
complainant was informed that his complaint was being closed
by the Division for lack of jurisdiction and was being re-
ferred to the Equal Employment Opportunities Commission.

Based solely on the record before us we affirm the deter-
mination of the Division on Civil Rights which dismissed
petitioner's complaint.

The dismissal was ostensibly based on the Attorney Gen-
eral's opinion that the University was an exempt employer by
definition under *N. J. S. A.* 10:5-5(e). Both the opinion
of the Attorney General and the dismissal of this complaint
by the Division antedated the opinion of another part of this
court in *Peper v. Princeton Univ.,* 151 *N. J. Super.* 15
(App. Div. 1977), certif. granted 75 *N. J.* 24 (1977).
which construed *N. J. S. A.* 10:5-5(*l*) *in pari materia* with
*N. J. S. A.* 10:5-5(e) and held Princeton University not to
be exempt as an employer. We also note that the Legislature,
by *L.* 1977, *c.* 122, has deleted the exemption claimed by the
University under *N. J. S. A.* 10:5-5(e).

We do not, however, base our affirmance on our unanimous disagreement with the aforementioned holding in *Peper*. We simply note that the law as it existed at the time of the dismissal supported that action.

Affirmed.